Richardson, Ch. J.,
delivered the opinion of the court:
Congress conferred jurisdiction upon the court by the following act (23 Stat. L., 617):
AN ACT for the relief of William Bowen.
“Be it enacted, etc., That the claim of William Bowen for three thousand seven hundred and forty-nine dollars and eighty cents, as a balance due him for abating certain nuisances under authority of the late Board of Health of the District of' Columbia, be referred to the Court of Claims for its decision and adjudication upon the merits of the claim according to law and the practice of said court, without regard to the statute of' limitations or the conclusiveness of a certain receipt signed by said Bowen in eighteen hundred and seventy-five in full settlement for all claims against the District of Columbia for said-work.
“ January 20, 1885.”
When the case first came on for trial the District Commissioners had not been specially notified of the pendency of the action, and the Attorney-General, by one of the assistants in his office, alone appeared for the defense. In view of the provision of an act of the legislative assembly of the District passed August 1,1871, chapter 107, section 18, requiring that “ the attorney for the District of Columbia shall be under the- *430 direction of the governor [now Commissioners], and have charge and conduct of all law business of said District, and all suits- instituted by and against the government thereof,” the court ordered the case to be continued and notice to be served on thé Commissioners. This was done, and the assistant attorney for the District appeared and conducted the defense with the Attorney-General’s assistant.
The findings show that the Board of Health of the District and William Bowen, the claimant’s intestate, entered into an agreement by which the latter was to fill up such lots in Washington as should be designated to him by the board through the proper officers, in all cases where the board had taken, or might take, the necessary action, without expense to the board or to the District, and that the reasonable value of the work should be assessed upon the property benefited thereby, and should be a lien thereon in his favor to be collected for his benefit.
Bowen filled the lots designated, the work was measured, its value determined, and tax-lien certificates were made and placed in the hands of the collector of taxes for the District for collection for the benefit of said Bowen. The attorney for the District, who was appealed to by one of the lot owners, held that the assessments were void, and gave a written opinion to that effect, and thereupon all the tax-lien certificates in the hands of the collector were canceled and annulled, and no further attempt was made to collect the assessments.
The Board of Health was organized and all its powers defined by Act of Congress of February 21, 1871 (16 Stat. L., ch. 62, § 26, p. 424), as follows:
“ Sec. 26. That there shall be appointed by the President of the United States, by and with the advice and consent of the Senate, a Board of Health for said District, to consist of five persons, whose duty it shall be to declare what shall be deemed nuisances injurious to health, and to provide for the removal thereof; to make and enforce regulations to prevent domestic animals from running at large in the cities of Washington and Georgetown ; to prevent the sale of unwholesome food in said cities; and to perform such other duties as shall be imposed upon said board by the legislative assembly.”'
The only statute authority under which the Board of Health could have proceeded at all in this agreement with Bowen is *431 found in the words of that section which make it the duty of the board to declare what shall be deemed nuisances injurious to health, and to provide for the removal thereof.”
It is conceded on both sides, as held by the attorney for the District, that the board had no power to impose upon the owners of property the expense of filling up lots declared to be nuisances, and that so much of the contract at least as undertook to pay Bowen for his work in tax-lien certificates had no warrant in law.
The court, in our opinion, is relieved -by the action of Congress from passing upon two difficult questions argued at this trial. (1) Whether or not, having declared certain lots of land below grade to be nuisances injurious to health, the board had authority to cause them to be filled up at the expense of the District. (2) If so, whether or not the Board of Health having caused them to be filled under an agreement by which the contractor was to be paid exclusively in tax-lien certificates which the board had no authority to issue, and which were void, the District is liable therefor upon quantum meruit.
When Bowen found that his tax-lien certificates had been issued without authority and that he was without pay for work done, he appealed to the legislative branch of the Government for relief. Congress appears to have adopted as to payment for this work substantially the same policy it had then recently adopted in relation to the work done under direction of the Board of Public Works in the execution of plans for a comprehensive and complete system of sewerage and drainage for the cities of Washington and Georgetown.
The board had levied a tax of more than $2,000,000, had assessed it upon the property supposed to be benefited, and' had issued tax-lien certificates purporting to be a lien on the property. These certificates, commonly called “ sewer certificates,” were sold in the market. Upon an investigation by Congress it was found that the board had exceeded its authority in these particulars, and an act was passed in which the advertising or sale of any property for collection of the tax was prohibited. But Congress apparently regarding the work as beneficial to the District, in the same act gave jurisdiction to the Board of Audit thereby created “ to examine and audit for settlement,” among other claims, the debt evidenced by sewer certificates. Under this provision the board audited and paid, in the man *432 ner therein provided, all certificates founded on the tax for the sewer work which were presented within the time limited.
The Board of Audit was abolished before all matters referred to it were closed, and the Act of June 16,1880 (Suppl.Rev. Stat., ch. 243, p. 562), was passed conferring upon the Court of Claims “ original legal and equitable jurisdiction of,” among other matters, “ all sewer certificates, all sewer taxes not heretofore converted into three-sixty-five bonds.” Many suits were brought upon outstanding sewer certificates, founded on the large sewer tax of $2,000,000, which had nob been presented to the Board of Audit. In the first case which arose the defense was set up, as in the present case, that there never was any liability on the part of the District for the payment of those certificates or the work for which they were issued. The court held that the action of Congress had precluded that defense and had assumed the indebtedness for the District. The whole subject is reviewed in the case of Fendall v. The District of Columbia (16 C. Cls.. R., 106).
When Bowen first petitioned Congress for relief in his case the Board of Audit was in existence, but its jurisdiction did not extend to claims founded on contracts with the Board of' Health. His claim and its treatment by Congress were singularly like that for the money furnished to do the sewerage work under the Board of Public Works. He had in good faith done work beneficial to the District, and had taken in payment tax-lien certificates which the District officers had no right to issue. Those certificates had been declared void by the attorney for the District, and had been canceled. Congress treated him exactly as it had just before treated the holders of sewer-certificates. It gave jurisdiction to the Board of Audit to receive and audit this claim.
The Board of Audit did audit and pay the amount by them found due just as it did in the case of other claims referred to it..
But Bowen, dissatisfied with the amount allowed, again' applied to Congress, and an act was passed giving to this court jurisdiction, waiving the settlement by the Board of Audit and the receipt given by them as well as the statute of limitations.. The Board of Audit seems to have understood that Congress had assumed the indebtedness for the District as it bad the sewer-certificate indebtedness. The only controversy before the board appears to have been as to the reasonable value of *433 the work done, and, in our opinion, that is the only material issue,presented for the determination of the court under the act. We have found the value to be the same as certified by the engineer of the District at the time the work was done, and the same that was attempted to be levied on the owners of the property by tax-lien certificates issued to the claimant’s intestate, $5,193.38. The Board of Audit allowed and paid only $1,463.58, and the claimant is entitled to recover the difference, $3,729.80, for which judgment will be entered in his favor.